UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Alan Napoli,

                Plaintiff,

  against-

Deluxe Corporation and Deluxe Small Business Sales, Inc.

                Defendants.

Docket No: 17-cv-6957(SJF)

# MEMORANDUM OF LAW

Hinshaw & Culbertson LLP
*Attorneys for Defendants*
800 Third Avenue, 13th Floor
New York, New York 10022
Tel:  212-471-6200
Fax:  212-935-1166

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .............................................................................................................................3

    POINT I
        DELUXE IS ENTITLED TO JUDGMENT ON THE PLEADINGS .....................3

    POINT II
        NAPOLI'S BREACH OF CONTRACT CLAIM IS CONTRADICTED
        BY THE TERMS OF THE PLAN HE IS SEEKING TO ENFORCE ....................4

    POINT III
        NAPOLI HAS FAILED TO PLEAD THE REQUISITE
        FACTS NECESSARY TO PURSUE A BREACH OF CONTRACT CLAIM ......6

        A.    Napoli Has Failed To Fully Identify The Contractual Provision
              Allegedly Breached ..............................................................................................6

        B.    Napoli Has Failed To Allege His Own Performance ..........................................8

            1.    Napoli Has Failed To Allege Compliance With Conditions
                  Precendent ................................................................................................9

CONCLUSION ........................................................................................................................10

301897884v1 1004654

# TABLE OF AUTHORITIES

**Cases**

*4Connections LLC v. Optical Communs. Group, Inc.*,
618 F. Supp. 2d 178, 183 (E.D.N.Y. 2009) .................................................................................. 6

*Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's*,
136 F.3d 82-86 (2d Cir. 1998) ...................................................................................................... 5

*American Dredging Co. v. Plaza Petroleum*,
799 F. Supp. 1335, 1338 (E.D.N.Y. 1992) ................................................................................... 6

*American Motorists Ins. Co. v. GTE Corp.*,
Nos. 99 Civ. 512, 99 Civ. 2214, 2000 WL 1459813, at *3 (S.D.N.Y. Sept. 29, 2000) ................. 4

*Aristocrat Leisure Ltd., v. Deutsche Bank Trust Co. Ams.*,
No. 04 Civ. 10014, 2005 WL 1950116 at *3 (S.D.N.Y. Aug. 12, 2005) ...................................... 3

*Baraliu v. Vinya Capital, L.P.*,
No. 07 Civ. 4626, 2009 WL 959578 (S.D.N.Y. March 31, 2009) ................................................ 7

*Baraliu v. Vinya Capital, L.P.*,
No. 07 Civ. 4626, 2009 WL 959578, at *5-6 (S.D.N.Y. Mar. 31, 2009) .................................... 12

*Berman v. Sugo LLC*,
580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) .................................................................................. 9

*Brubrad Co. v. United States Postal Service*,
404 F. Supp. 691, 693 (E.D.N.Y. 1975) ....................................................................................... 4

*Credit Sights, Inc. v. Ciasullo*,
No. 05 Civ. 9345, 2008 WL 4185737, at *11 (S.D.N.Y. Sept. 5, 2008) ..................................... 10

*Debruyn Produce Co. v. Sobiech*,
No. 91 Civ. 7995, 1992 WL 168098, at * 31 (S.D.N.Y. June 30, 1992) ........................................ 8

*DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*,
No 10-cv-1341, 2012 WL 748760 (E.D.N.Y. Mar. 7, 2012) ...................................................... 10

*Dietrich v. Chemical Bank*
115, Misc. 2d 713, 454 N.Y.S.2d 490 (1981) ............................................................................... 6

*DynCorp. v. GTE Corp.*,
215 F. Supp. 2d 308, 315 (S.D.N.Y. 2002) ................................................................................... 5

*Fleet Capital Corp. v. Yamaha Motor Corp.*,
No. 01 Civ. 1047, 2002 WL 31174470, at *19 (S.D.N.Y. Sept. 25, 2002) ................................... 4

*Global Intellicom, Inc. v. Thomson Kernaghan & Co.*,
No. 99 Civ. 342, 1999 WL 544708, at *18 (S.D.N.Y. July 27, 1999) ........................................ 11

*In re Tamoxifen Citrate Antitrust Litig.*,
429 F.3d 370, 384-85 (2d Cir. 2005) ............................................................................................ 4

*Int'l Paper Co. v. Suwyn*,
978 F. Supp. 506, 512-13 (S.D.N.Y. 1997) .................................................................................. 7

*Malmsteen v. Berdon LLP*,
477 F. Supp. 2d 655, 666 (S.D.N.Y. 2007) .................................................................................. 9

*Nicholas Laboratories, Ltd. v. Almay, Inc.*,
900 F.2d 19, 20-21 (2d Cir. 1990) ................................................................................................ 6

*Patel v. Baluchi's Indian Rest.*,
No. 08 Civ. 9985, 2009 WL 2358620, at *8 (S.D.N.Y. July 30, 2009) ...................................... 12

301897884v1 1004654

*Perl v. Smith Barney, Inc.*,
646 N.Y.S.2d 678, 679 (1st Dep't) .................................................................................... 5

*Posner v. Minnesota Mining & Mfg. Co.*,
713 F. Supp. 562, 563 (E.D.N.Y. 1989) ............................................................................ 9

*Progressive Casualty Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*,
991 F.2d 42, 47 n.8 (2d Cir. 1993) .................................................................................... 7

*R.H. Damon & Co.. Inc. v. Softkey Software Prods., Inc.*,
811 F. Supp. 986, 991 (S.D.N.Y. 1993) .......................................................................... 11

*Seiden Assocs. v. ANC Holdings, Inc.*,
959 F.2d 425, 428 (2d Cir. 1992) ...................................................................................... 5

*Sellers v. M.C. Floor Crofters Inc.*,
842 F.2d 639, 642 (2d Cir. 1988) ...................................................................................... 3

*Sirohi v. Trustees of Columbia Univ.*,
162 F.3d 1148, 1998 WL 642463, at *2 (2d Cir. 1998) .................................................. 10

*Sony Fin. Servs., LLC v. Multi Video Group, Ltd.*,
No. 03 Civ. 1730, 2003 WL 21396690, at *2 (S.D.N.Y. June 17, 2003) .......................... 8

*Sony Fin. Servs., LLC*,
No. 03 Civ. 1730, 2003 WL 21396690, at *2 (S.D.N.Y June 17, 2003) ........................ 11

*Stabile v. United Recovery Sys., L.P.*,
No. CV 11-1152, 2011 WL 5578981, at * 2 (E.D.N.Y. Nov. 6, 2011) ............................. 4

*Superior Site Work, Inc. v. NASDI, LLC*,
No. 14 Civ. 1061, 2016 WL 526238 (E.D.N.Y. 2016) ................................................... 12

*Tuosto v. Philip Morris USA Inc.*,

No. 05 Civ. 9384, 2007 WL 2398507, at *3 (S.D.N.Y. Aug. 12, 2007) .......................................... 3

*Udell v. Berkshire Life Ins. Co. of America*,
No. Civ. 03 2721, 2005 WL 1243497, at *5 (E.D.N.Y. May 25, 2005) ........................................ 11

*Wilson v. Hochberg*,
665 N.Y.S.2d 653, 653-54 (1st Dep't 1997) .................................................................................. 5

*Window Headquarters, Inc. v. MAI Basic Four, Inc.*,
Nos. 91 Civ. 1816, 92 Civ. 5283, 1993 WL 312899, at *3 (S.D.N.Y. Aug. 12, 1993) .................. 9

*Wolff v. Rare Medium, Inc.*,
171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) .................................................................................... 9

**Rules**

F.R.Civ.P. 12 (c) ............................................................................................................................ 4

## PRELIMININARY STATEMENT

Defendants, Deluxe Corporation ("Deluxe Corp.") and Deluxe Small Business Sales, Inc. ("Deluxe SBS") (collectively, "Deluxe" or "Defendants"), by their attorneys, Hinshaw & Culbertson, LLP, respectfully submit this memorandum of law and the Declaration of Jason J. Oliveri ("Oliveri Decl."), with exhibits, in support of their motion for judgment on the pleadings made pursuant to Federal Rules of Civil Procedure ("FRCP") 12(c) and 12(b)(7), with respect to the Verified Complaint (the "Complaint") filed against them by plaintiff, Alan Napoli ("Napoli" or "Plaintiff"), and for any further relief as this Court deems just and proper.

\* \* \* \* \* \* \*

In this action, Napoli alleges that Deluxe is liable for breach of an employment agreement allegedly providing for payment of severance in the event of Napoli's involuntary termination with Deluxe. However, Napoli fails to allege in the Complaint, among other things, the full and complete terms of the contractual provision he claims Deluxe breached. Napoli's omission is not surprising since those same terms establish that he was not entitled to severance benefits. Indeed, Napoli was offered, and accepted, employment by Safeguard Marketing Solutions USA, Inc. ("SMSUSA"), in connection with SMSUSA's purchase of the Deluxe SBS affiliated business for which Napoli worked prior to his "termination," making him ineligible for severance benefits pursuant to the clear and unambiguous terms of the agreement. As such, the Court should grant Deluxe's motion for judgment on the pleadings.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about June 1, 2016, Napoli sold the assets of his business, L.A.M. Enterprises, Inc. ("LAM"), to Deluxe SBS and was hired by Deluxe SBS, as a commissioned sales person. Answer, ¶ 3: Exhs. A and B (Oliveri Decl, Exh. B). Napoli entered into an employment agreement (the "Agreement") with Deluxe SBS with an annual draw of $100,000. Answer,

1

Exhs. A and B.  The Agreement also contained a provision regarding Deluxe's Severance Support Plan (the "Plan").  Answer, Exh. A.  Specifically, the Agreement states that "[i]n the event of the involuntary termination of your employment by the Company…and upon providing us with an unrescinded release, you will be eligible to receive severance per Deluxe's current severance support plan policy…" *Id.*  The Plan, incorporated into the Agreement by reference, also provides, in relevant part, that an employee is not eligible if: (1) they choose not to sign a Release; or (2) are working in a business or subsidiary that is sold to another company or a functional group that is outsourced and are offered a position with the purchaser or the outsourced service provider…" Answer, Exh. B.

Based on the allegations in the Complaint and the relief sought, there is no dispute that Napoli was employed by Deluxe SBS until March 31, 2017.  Complaint, ¶ 6 (Oliveri Aff., Exh. A).  What Napoli fails to allege is that he was offered a sales representative position with Safeguard Marketing Solutions USA, Inc. ("SMSUSA") on or about March 17, 2017 and entered into an employment agreement with SMSUSA on April 1, 2017.  Answer, ¶¶ 4-5: Exh. C.  As such, it cannot be disputed that Napoli was employed by a "business or subsidiary that was sold to another company or a functional group," and therefore, not eligible for severance under the Plan.  Despite the fact that he is clearly not entitled to severance under the Plan, Napoli commenced this frivolous action, asserting a single cause of action for breach of contract, in an attempt to collect money to which he is not entitled.

## ARGUMENT

### POINT I

### DELUXE IS ENTITLE TO JUDGMENT ON THE PLEADINGS

Judgment on the pleadings is proper "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crofters Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). In considering a Rule 12(c) motion, the Court may consider "the pleadings and exhibits attached thereto, statements or documents incorporated by reference in the pleadings, matters subject to judicial notice, and documents submitted by the moving party, so long as such documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings." *Aristocrat Leisure Ltd., v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2005 WL 1950116 at *3 (S.D.N.Y. Aug. 12, 2005) (quoting Prentice, 11 F. Supp. 2d at 424).

On such a motion, although the Court must accept well-pleaded allegations in the complaint as true, "bald assertions and conclusions of law are not adequate [to state a claim] and a complaint consisting only of naked assertions, and setting forth no facts upon which a court could find a violation of the [law] will fail to state a claim under Rule 12(b)(6) and, therefore, also under Rule 12(c)." *Tuosto v. Philip Morris USA Inc.*, No. 05 Civ. 9384, 2007 WL 2398507, at *3 (S.D.N.Y. Aug. 12, 2007) (quoting *In re Tamoxifen Citrate Antitrust Litig.*, 429 F.3d 370, 384-85 (2d Cir. 2005) (internal quotation marks omitted); *Stabile v. United Recovery Sys., L.P.*, No. CV 11-1152, 2011 WL 5578981, at * 2 (E.D.N.Y. Nov. 6, 2011) (standard on 12(b)(6) and 12(c) motion the same, except 12(b)(6) motion "…comes before the close of pleadings"). Dismissal pursuant to Rule 12(c) is appropriate where the plaintiff fails to assert a viable legal theory. *American Motorists Ins. Co. v. GTE Corp.*, Nos. 99 Civ. 512, 99 Civ. 2214, 2000 WL 1459813, at *3 (S.D.N.Y. Sept. 29, 2000); *Brubrad Co. v. United States Postal Service*, 404 F.

3

Supp. 691, 693 (E.D.N.Y. 1975) ("Defendant's motion to dismiss under F.R.Civ.P. 12 (c) may be granted only if the complaint fails to state a claim upon which relief could be granted under any legal theory").

Under New York law, "the initial interpretation of a contract is a matter of law for the court to decide." *Fleet Capital Corp. v. Yamaha Motor Corp.*, No. 01 Civ. 1047, 2002 WL 31174470, at *19 (S.D.N.Y. Sept. 25, 2002) (quoting *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's*, 136 F.3d 82-86 (2d Cir. 1998)). Dismissal of a complaint is thus appropriate where, like here, the terms of the relevant contract unambiguously shows that the plaintiff is not entitled to the requested relief. *DynCorp. v. GTE Corp.*, 215 F. Supp. 2d 308, 315 (S.D.N.Y. 2002); *see also Wilson v. Hochberg*, 665 N.Y.S.2d 653, 653-54 (1st Dep't 1997) (complaint should be dismissed where express terms of relevant contract flatly contradict claim); *Perl v. Smith Barney, Inc.*, 646 N.Y.S.2d 678, 679 (1st Dep't), lv. denied, 89 N.Y.2d 803, 675 N.E.2d 1234, 653 N.Y.S.2d 281 (1996) (same).

## POINT II

## NAPOLI'S BREACH OF CONTRACT CLAIM IS CONTRADICTED BY THE TERMS OF THE PLAN HE IS SEEKING TO ENFORCE

The plain language of the Agreement mandates that judgment be granted in favor of Deluxe on Napoli's breach of contract claim. Where, as here, the terms of a contract are clear and unambiguous, interpretation of the parties' respective rights and obligations must be based solely on the plain language contained within the contract. *See Seiden Assocs. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992) ("The parties' rights under an unambiguous contract should be fathomed from the terms expressed in the instrument itself rather than from extrinsic evidence as to terms that were not expressed or judicial views as to what terms might be

4

preferable"); *see also Nicholas Laboratories, Ltd. v. Almay, Inc.*, 900 F.2d 19, 20-21 (2d Cir. 1990) ("Under New York law, we first look to the written agreement to discern the parties' intent and limit our inquiry to the words of the agreement itself so long as the agreement sets forth the parties' intent clearly and unambiguously").

Here, Napoli acknowledges that the Agreement incorporates the Plan by reference, yet conveniently omits the relevant portion of the Plan that excludes him from eligibility for severance benefits. Complaint, ¶¶ 8, 16 and 18 (Oliveri Decl., Exh. A). *See American Dredging Co. v. Plaza Petroleum*, 799 F. Supp. 1335, 1338 (E.D.N.Y. 1992) (citing to *Dietrich v. Chemical Bank* 115, Misc. 2d 713, 454 N.Y.S.2d 490 (1981) for the proposition that "[a] contract can be comprised of separate writings or documents if the contract makes it clear that it is to be read with other writings"); *4Connections LLC v. Optical Communs. Group, Inc.*, 618 F. Supp. 2d 178, 183 (E.D.N.Y. 2009) (citing to *Progressive Casualty Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*, 991 F.2d 42, 47 n.8 (2d Cir. 1993) for the proposition that "[w]hen a contract clearly identifies a single document, it eliminates all reasonable doubt and thus qualifies as an effective incorporation).

Specifically, the Plan makes clear that an employee is not eligible if he or she is "working in a business or subsidiary that is sold to another company or a functional group…" Answer, Exhs. A and B (Oliveri Decl., Exh. A). Plaintiff's Complaint fails to inform the Court that his "termination" only became effective once the sale of a Deluxe SBS affiliated business became effective, or that at the time of his "termination," Plaintiff had already been offered and accepted a position with SMSUSA. Answer, Exh. C. Thus, Plaintiff is explicitly excluded from eligibility for severance under the Agreement because due to his employment with SMSUSA, he was working in a business or subsidiary that was sold to another company. *See* Answer, ¶¶ 5, 10:

5

Exh.C; *see also Baraliu v. Vinya Capital, L.P.*, No. 07 Civ. 4626, 2009 WL 959578 (S.D.N.Y. March 31, 2009) (dismissing breach of contract claim for incentive compensation contradicted by contract amendment); *Int'l Paper Co. v. Suwyn*, 978 F. Supp. 506, 512-13 (S.D.N.Y. 1997) (dismissing claims for compensation where compensation plan canceled eligibility upon termination of employment). Napoli does not plead any facts with respect to entitlement or any facts to suggest that this exception to entitlement does not apply to him. Thus, Napoli fails to create any issue of fact with respect to this contract provision. Deluxe affirmatively pleads (and demonstrates) that Napoli was offered and accepted a position with SMSUSA, thereby disqualifying him from any entitlement to the Plan. Accordingly, Napoli has not and cannot show a breach of the terms of the Plan because he was never entitled to severance benefits under the Plan, as he is specifically excluded from eligibility due to his employment with SMSUSA.

## POINT III

## NAPOLI HAS FAILED TO PLEAD THE REQUISITE FACTS NECESSARY TO PURSUE A BREACH OF CONTRACT CLAIM

### A.   Napoli Has Failed To Fully Identify The Contractual Provision Allegedly Breached

Napoli's breach of contract claim is insufficiently pled. *See Debruyn Produce Co. v. Sobiech*, No. 91 Civ. 7995, 1992 WL 168098, at * 31 (S.D.N.Y. June 30, 1992) (finding that defendants "…counterclaim fail[ed] to state a claim upon which relief can be granted…pursuant to Rule 12(c)"). Under New York law, to adequately state a claim for breach of contract, a plaintiff must allege: (i) the existence of a contract; (ii) due performance of the contract by the plaintiff; (iii) breach of the contract by the defendant; and (iv) damages resulting from the breach. *See Sony Fin. Servs., LLC v. Multi Video Group, Ltd.*, No. 03 Civ. 1730, 2003 WL 21396690, at *2 (S.D.N.Y. June 17, 2003). While a plaintiff is not required to attach a copy of the contract or plead its terms verbatim, a complaint in a breach of contract action must set forth

the terms of the agreement upon which liability is predicated. *See Posner v. Minnesota Mining & Mfg. Co.*, 713 F. Supp. 562, 563 (E.D.N.Y. 1989) ("[I]n asserting a breach of contract claim, the complaint must plead the terms of the agreement upon which defendant's liability rests"); *see also Window Headquarters, Inc. v. MAI Basic Four, Inc.*, Nos. 91 Civ. 1816, 92 Civ. 5283, 1993 WL 312899, at *3 (S.D.N.Y. Aug. 12, 1993). Stating in a conclusory manner, as Plaintiff does here, that an agreement was breached is insufficient. *See Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008).

Courts consistently dismiss breach of contract claims that fail to plead the terms of the contract which were allegedly breached. *See, e.g., Malmsteen v. Berdon LLP*, 477 F. Supp. 2d 655, 666 (S.D.N.Y. 2007) (stating that in order to properly plead a breach of contract claim under FRCP 8(a), "this requires allegations of, '[a]t a minimum, the terms of the contract, each element of the alleged breach and the resultant damages.'"); *Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) ("[A] plaintiff must identify what provisions of the contract were breached as a result of the acts at issue"); *Credit Sights, Inc. v. Ciasullo*, No. 05 Civ. 9345, 2008 WL 4185737, at *11 (S.D.N.Y. Sept. 5, 2008) (breach of contract claim must identify specifically the breached contract terms); *Window Headquarters*, 1993 WL 312899 (dismissing a breach of contract claim where plaintiff failed to plead the terms of the contract that was allegedly breached); *Posner*, 713 F. Supp. at 563-64 (dismissing a breach of contract claim, even under the more lenient standard for *pro se* plaintiffs, where "[a]lthough the existence of a contract is alleged, plaintiffs fail to set forth any specific information as to when the agreement was made, the terms of the agreement upon which liability is predicated, or any other evidence supporting the formation of an agreement").

Here, Napoli conveniently omits the relevant portion of the Plan that excludes him from eligibility for severance benefits. *See Sirohi v. Trustees of Columbia Univ.*, 162 F.3d 1148, 1998 WL 642463, at *2 (2d Cir. 1998) ("[Plaintiff] failed to successfully plead a breach of contract claim because he did not allege the essential terms of the parties' purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated"); *see also DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, No 10-cv-1341, 2012 WL 748760 (E.D.N.Y. Mar. 7, 2012) (same). Plaintiff's failure to plead the most basic element of a breach of contract claim - identification of the provision that has been breached - warrants the granting of Deluxe's motion.

**B.     Napoli Has Failed To Allege His Own Performance**

Deluxe's motion should also be granted on the ground that Napoli has failed to allege his own performance anywhere in the Complaint. *See Udell v. Berkshire Life Ins. Co. of America*, No. Civ. 03 2721, 2005 WL 1243497, at *5 (E.D.N.Y. May 25, 2005) (dismissing plaintiff's breach of contract claim for failure to state a claim because "plaintiff does not even generally allege performance of his...obligations..."); *see also Sony Fin. Servs., LLC*, No. 03 Civ. 1730, 2003 WL 21396690, at *2 (S.D.N.Y June 17, 2003) (dismissing defendants' counterclaim for breach of contract for the failure to allege actual performance of their own obligations under the contract); *R.H. Damon & Co., Inc. v. Softkey Software Prods., Inc.*, 811 F. Supp. 986, 991 (S.D.N.Y. 1993) ("the complaint must contain some allegation that the plaintiffs actually performed their obligations under the contract"); *Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, No. 99 Civ. 342, 1999 WL 544708, at *18 (S.D.N.Y. July 27, 1999) (dismissing plaintiff's breach of contract claim because of plaintiff's failure to allege its own performance or an excuse for its failure to perform).

1. **Napoli Has Failed To Allege Compliance With Conditions Precedent**

In addition to the allegations in the Complaint being factually deficient, the Complaint should also be dismissed because FRCP 9(c) requires that conditions precedent must be alleged to have occurred or been performed, and Napoli fails to assert as much. As explained above, the Agreement makes eligibility for severance contingent on the willing execution and return of a Release. This execution and release requirement is a condition precedent to Deluxe SBS's performance of the Agreement, as an employee of Deluxe SBS cannot receive severance unless they execute a Release as defined by the Agreement.

Napoli's failure to disclose this term to the Court is not only conspicuous but is also dispositive here. *See, e.g., Superior Site Work, Inc. v. NASDI, LLC,* No. 14 Civ. 1061, 2016 WL 526238 (E.D.N.Y. 2016) (finding that most district courts require at least a general averment that plaintiff complied with condition precedents on a breach of contract claim); *Patel v. Baluchi's Indian Rest.,* No. 08 Civ. 9985, 2009 WL 2358620, at *8 (S.D.N.Y. July 30, 2009) (dismissing an employee's breach of contract claim pursuant to Rule 12(c) for failure to allege satisfaction of condition precedent); *Baraliu v. Vinya Capital, L.P.,* No. 07 Civ. 4626, 2009 WL 959578, at *5-6 (S.D.N.Y. Mar. 31, 2009) (dismissing breach of contract claim pursuant to Rule 12(c) where conditions precedent including continued employment were not pled and unsatisfied). Napoli merely includes the release provision within the quoted portion of the Plan in the Complaint, but fails to allege that this condition precedent, an essential term of the contract, occurred or was performed. Rather, Plaintiff makes no mention of the release outside of the quoted portion of the Plan. This is insufficient under FRCP 9(c) and further justifies the granting of Deluxe's motion.

301897884v1 1004654

## CONCLUSION

For the foregoing reasons, it is respectfully requested that an order be issued granting Deluxe's motion for judgment on the pleadings pursuant to FRCP 12(c) and for any further relief as this Court deems just and proper.

Dated: New York, New York
       May 18, 2018

                                      **HINSHAW & CULBERTSON LLP**
                                      *Attorneys for Defendants*

                    By:    */s Jason J. Oliveri*
                               Jason J. Oliveri
                               800 Third Avenue, 13th Floor
                               New York, NY 10022
                               Tel: 212-471-6200