UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALAN NAPOLI,

                                      Plaintiff,

          -against-

DELUXE CORPORATION and DELUXE SMALL
BUSINESS SALES, INC.,

                                    Defendants.
------------------------------------------------------------------X

Case No. 17-cv-6957(SJF)

**MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION
FOR DISMISSAL OF THE COMPLAINT
PURSUANT TO FRCP SECTION 12(c) AND
IN SUPPORT OF PLAINTIFF'S CROSS-MOTION
FOR JUDGMENT ON THE PLEADINGS**

Dated:  Melville, New York
         June 29, 2018

                                                  Respectfully submitted by:
                                                  Jeffrey S. Ettenger, Esq.
                                                  Schwartz Ettenger, PLLC
                                                  *Attorneys for Plaintiff*

## **PRELIMINARY STATEMENT**

Plaintiff Alan Napoli ("Plaintiff"), by his attorneys, Schwartz Ettenger, PLLC, respectfully submits this memorandum of law and the Affirmation of Jeffrey Ettenger, Esq. ("Ettenger Affirmation"), with exhibits, in opposition to the motion submitted pursuant to Federal Rules of Civil Procedure ("FRCP") 12(c) by Defendants Deluxe Corporation ("Deluxe Corp.") and Deluxe Small Business Sales, Inc. ("Deluxe SBS") (collectively, "Deluxe" or "Defendants") for a judgment on the pleadings, and in support of Plaintiff's cross motion for Judgment on the pleadings.

Defendants' motion is a complete misrepresentation of the facts before the Court. Although Defendants provide the Court the Contract between Plaintiff and Defendants, the Defendants completely fail to provide the Court with the true basis for this action; that the Contract expressly guaranteed Plaintiff no less than 9 month's severance pay in the event of the termination of his employment by the Defendants.

Defendants attempt to make this matter very simple. They argue that the Contract references a Severance Support Plan (the "Severance Plan"), which would alleviate its obligation to pay the Plaintiff severance. The Defendants, for obvious reasons, ignore the actual language of the Contract, which states, "you will be eligible to receive severance per Deluxe's current severance support plan policy, **but at least an amount equal to 9 months of base draw...**" (Emphasis added). Thus, the Contract drafted **by Defendants**, expressly and clearly guarantees Plaintiff 9 months of severance, regardless of the severance support plan, a fact completely ignored in Defendants' motion papers.

Moreover, Defendants argue that Plaintiff failed to sign a release, and therefore is not entitled to the severance guaranteed in the Contract. This is also a complete red herring. No

1

release was signed because no release has ever been presented by Defendants to Plaintiff. In fact, when Plaintiff demanded payment of the severance, Defendants merely refused to make such payment. *See Affirmation of Jeffrey Ettenger,* Exhibit 1. The signing of a release by Plaintiff was to be in exchange for something of value, the severance obligation Defendants had to Plaintiff. Since Defendants failed to honor this obligation, there was no basis for Plaintiff to be offered or sign a release. If Defendants agreed or agree to pay the severance that is owed, and Plaintiff was presented a reasonable release, he would gladly sign it.

Furthermore, Defendants state, but provide no evidence to support their position, that Plaintiff is not entitled to any severance payment under the Severance Support Plan because he was employed after his termination by Safeguard Marketing Solutions USA, Inc. ("SMSUSA"), that was a "business or subsidiary that was sold to another company or a functional group." Instead, Defendants simply assert this as a fact, purportedly supporting their position. Absent appropriate evidence of the relationship between Defendants and SMSUSA, Defendants' argument is fatally flawed.

For the foregoing reasons, Defendants' motion should be denied, and to the contrary the Court should find in favor of the Plaintiff as a matter of law.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced this action for breach of contract by service of the Summons and Verified Complaint ("Complaint") on Defendants in November 2017. A copy of the Complaint is annexed to Defendants' moving papers as Exhibit A. Defendants filed a Verified Answer with Counterclaims ("Answer") on May 18, 2018, attached to Defendants' moving papers as Exhibit B.

Although Defendants omit certain key facts in their moving papers, the facts generally should not be in dispute. Plaintiff was employed by Deluxe as a commissioned sales person from on or about June 1, 2016 until on or about March 31, 2017. Compl., ¶6. Prior to the commencement of his employment, Plaintiff and Deluxe entered into an Employment Agreement ("Contract"), attached to Defendants' moving papers as Exhibit B. The Contract contained a clause providing for the guaranteed payment of severance in the event of the involuntary termination of his employment, specifically:

> In the event of the involuntary termination of your employment by the Company, other than termination by the Company "for cause" (defined below) and upon providing us with an unrescinded release, you will be eligible to receive severance per Deluxe's current severance support plan policy, **but at least an amount equal to 9 months of base draw**… (emphasis added)

The Contract also notes that "while Deluxe reserves the right to change our severance support plan policy at any time, [Plaintiff's] severance benefits will be no less than those provided for herein."

It is not in dispute that Plaintiff was involuntarily terminated from employment by Deluxe, without cause, on or about March 31, 2017. Plaintiff did not voluntarily resign from his employment, nor was he terminated for cause, as admitted by Deluxe in a letter to Plaintiff advising of him of his termination. Compl., ¶¶11-13. Ettenger Affirmation, Exhibit "2". It is also not in dispute that Plaintiff demanded, but was denied by Defendants, payment of 9 month's severance, equivalent to $75,000, pursuant to the Contract. Compl., ¶¶14-15, Answer, ¶¶14-15. Ettenger Affirmation, Exhibit "1". Plaintiff was never offered a release agreement for review and consideration.

Furthermore, Defendants make the unsupported statement that Plaintiff is not entitled to severance because of the relationship between Defendants and SMSUSA, but Defendants

provide zero support for this assertion. While Plaintiff does not dispute that Defendants and SMSUSA have some business relationship, Defendants have provided no evidence that SMSUSA purchased a business or subsidiary from Defendants or how exactly the two companies may be related. Absent evidence to this effect, Defendants cannot assert that the provisions of the Severance Plan they rely on not to pay severance to Plaintiff even applies.

Additionally, it is critical to understand that while Plaintiff did accept a position with SMSUSA after the termination of his employment by Defendants, it was on much less favorable terms than those with Defendants. In addition, as a result of poor working conditions and issues relating to commissions, Plaintiff is no longer employed by SMSUSA, and did not receive severance upon his exit from SMSUSA. Thus, the Defendants' argument that Plaintiff is not entitled to severance from Defendants because he was "made whole" by his subsequent employment with SMSUSA is simply not accurate. The purpose of the severance provision was to guarantee Plaintiff compensation post-employment. Defendants knowingly violated this agreement.

## LEGAL ARGUMENT

### I. LEGAL STANDARD OF REVIEW FOR A MOTION TO DISMISS UNDER FRCP 12(c)

When evaluating motions for judgment on the pleadings pursuant to FRCP 12(c), courts apply the same legal standard applicable to FRCP 12(b)(6) motions to dismiss. *VoiceAge Corp. v. RealNetworks, Inc.*, 926 F.Supp.2d 524, 529 (S.D.N.Y. 2013). Accordingly, a court should "[accept] the allegations contained in the complaint as true, and [draw] all reasonable inferences in favor of the nonmoving party." *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 99 (2d Cir. 2001). A court may consider "the facts alleged in the complaint, documents attached to the

4

complaint as exhibits, and documents incorporated by reference in the complaint" on a motion to dismiss. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Further, a court may analyze the contract at issue when deciding a motion to dismiss. *DeSouza v. PlusFunds Group, Inc.*, No. 05 Civ. 5990 (JCF), 2007 WL 4287745, at *2 (S.D.N.Y. Dec. 7, 2007). Judgment on the pleadings should not be granted where extrinsic evidence is necessary to reconcile an ambiguity in a contract. *Permatex, Inc. v Loctite Corp.*, No. 03 Civ.943 LAK GWG, 2003 WL 22683341, at *11 (S.D.N.Y. Nov. 14, 2003) (declining to grant judgment on the pleadings to either party where extrinsic evidence was necessary to reconcile a contract's ambiguity).

## II.  DELUXE IS NOT ENTITLED TO A JUDGMENT ON THE PLEADINGS BECAUSE THE CONTRACT IS AT BEST AMBIGUOUS

Under New York law, "whether a contract is ambiguous is a question of law for the Court." *SPCP Grp., LLC v. Eagle Rock Field Servs., LP*, No. 12 Civ. 3610 PAC, 2013 WL 359650, at *6 (S.D.N.Y. Jan. 30, 2013). "[A]mbiguity exists where a contract term could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and ... is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *In the Matter of the Trusteeships Created by Tropic CDO I Ltd.*, 92 F.Supp.3d 163, 172 (S.D.N.Y. 2015).

Here, the Contract states that Plaintiff is entitled to severance pay pursuant to Deluxe's severance support plan policy, "but at least an amount equal to 9 months of base draw..." The Contract also states that although the Severance Policy is subject to change, Plaintiff's severance benefits will be "no less than those provided for" in the Employment Agreement. Notably,

5

Defendants completely ignore these two provisions in the Contract as if they do not exist. To the contrary, Defendants simply highlight the provisions of the severance support policy, leading the Court to believe that this is the simplest of issues, which is a complete fabrication.

In their motion, Defendants contend the severance terms are unambiguous, but conveniently leave out the foregoing clauses. Such a tactic makes it appear that Plaintiff is not entitled to severance simply because the Severance Policy denies severance to an employee "working in a business or subsidiary that is sold to another company of a functional group that is outsourced and [] offered a position with the purchaser or the outsourced provider." Defendants' motion ignores the provisions of the Contract to suggest to the Court that the contract is unambiguous, and that Plaintiff's entitlement to severance is based solely on the terms of the Severance Plan.

The Second Circuit will "look to all corners of the document rather than view sentences or clauses in isolation." *In the Matter of the Trusteeships*, 92 F.Supp.3d 16 at 172 (quoting *Int'l Klafter Co. v. Cont'l Cas. Co.*, 869 F.2d 96, 99 (2d Cir. 1989). "The best evidence of what parties to a written agreement intend is what they say in their writing." *Cortes v. Twenty-First Century Fox Am., Inc.*, 285 F.Supp.3d 629, 637 (S.D.N.Y. 2018). A plain reading of the Contract illustrates the parties' intent to guarantee Plaintiff a minimum severance of nine months of base draw, regardless of the Severance Policy, and in case of any change to the terms of the Severance Policy. When faced with two potential interpretations of a contract, "courts have avoided adopting an interpretation that renders clauses of the contract meaningless or superfluous." *Two Locks, Inc. v Kellogg Sales Co.*, 68 F.Supp.3d 317, 331 (E.D.N.Y. 2014). The portion of the provision in the Contract providing for a minimum of nine month's severance,

6

would be rendered meaningless if the Contract were interpreted to only provide Plaintiff severance under the Severance Policy.

The principle of *contra proferentem* provides that any ambiguity in an agreement should be construed against the drafter. *D'Amato v. Five Star Reporting, Inc.*, 80 F.Supp.3d 395, 412 (E.D.N.Y. 2015). Should this Court find the Contract ambiguous, the Contract should be construed against Defendants as the drafters of the document. Any ambiguity in the Contract is due to Defendants poor drafting, and Napoli should not be denied his contractually agreed-upon severance of nine months' wages.

If Defendants desired a clear unambiguous contract that reverted to the Severance Support Policy, the Contract could have stated same. Instead, Defendants added, at the specific request of Plaintiff, a provision that guaranteed him 9 month's severance pay. Plaintiff relied upon this clause and accepted employment accordingly. Defendants should not be rewarded, and Plaintiff effectively punished, for this purported error and/or ambiguity.

Moreover, Defendants have failed to provide any evidence, much less prove, that Defendants sold a business or subsidiary to SMSUSA. Thus, there is no evidence that even if relevant, that the Severance Support Plan is applicable as a basis for excusing payment of severance to Plaintiff. Therefore, the Defendants are not entitled to Judgment as a matter of law.

### III. PLAINTIFF SUFFICIENTLY ALLEGED A CAUSE OF ACTION FOR BREACH OF CONTRACT

#### A. Plaintiff Fully Identified the Contractual Provision Breached and Alleged His Own Performance

New York law requires a plaintiff to allege the following in a breach of contract claim: (1) existence of a contract; (2) adequate performance of the contract by plaintiff; (3) breach of contract by defendant; and (4) damages resulting from the breach. *Eternity Global Master Fund*

7

*Ltd. v. Morgan Guaranty Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004). Defendants unpersuasively argue that Plaintiff has not met his pleading burden. Contrary to this contention, Plaintiff alleges all the foregoing in his complaint.

First, Plaintiff fully identifies the existence of a contract by citing and quoting the Employment Agreement entered between Defendants and himself. Compl. ¶7, Answer ¶7. Second, Plaintiff states that he performed the contract by alleging he was employed by Defendants, until his termination (which was not for cause), from June 1, 2016 until approximately March 31, 2017. Compl. ¶6. A plaintiff does not have to state each element specifically and courts rarely dismiss a complaint for a plaintiff's failure to use the words "due performance." *See ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 242-43 (S.D.N.Y. 1997). Third, Plaintiff clearly alleges that the "Severance Support Plan" clause was breached and quotes the specified provision. Compl. ¶8. Even so, "[a] plaintiff need not attach a copy of the contract to the complaint or quote the contractual provisions verbatim." *James v. Countrywide Fin. Corp.*, 849 F.Supp.2d 296, 322 (E.D.N.Y. 2012). Fourth, Plaintiff alleges he was damaged in the amount of $75,000—the equivalent of nine months' severance, based on the annual base compensation of $100,000 received by Plaintiff at the time of the termination of his employment by Defendants. Compl. ¶¶9, 14.

In the alternative, should the court find that Plaintiff insufficiently pled his claim for breach of contract, he should be granted leave to amend. FRCP 15(a)(2) states that a court should freely allow leave to amend when justice so requires. *VoiceAge Corp.*, 926 F.Supp.2d at 528. The Supreme Court has explained that "[i]n the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

8

virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, 'be freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting FRCP 15).

### B. Plaintiff failed to allege compliance with conditions precedent.

"A condition precedent is, by definition, an act or event that must occur <u>before</u> a duty to perform a promise in an agreement arises." *PaySys Intl., Inc. v. Atos Se, Worldline SA, Atos IT Services Ltd.*, 226 F.Supp.3d 206, 226 (S.D.N.Y. 2016) (emphasis in original). Whether a condition precedent to performance exists is a matter of law for the court to decide. *Powlus v. Chelsey Direct, LLC*, No. 09 Civ. 10461 (PKC), 2011 WL 135822, at *4 (S.D.N.Y. Jan. 10, 2011). "Conditions are not favored under New York law, and in the absence of unambiguous language, a condition will not be read into the agreement." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1100 (2d Cir. 1992).

The Defendants' efforts to argue that the lack of release from Plaintiff bars this claim is completely baseless. The Contract specifically states that in order to receive severance, Plaintiff must sign a general release. This is quite common in employment agreements of this nature; if the employer is going to provide $75,000 of severance compensation, they want to be released by the employee from all future claims of any nature. Here, Defendants argument is fatally flawed because, (a) Plaintiff was never presented or asked to sign a general release, and (b) Defendants denied Plaintiff severance, and in fact advised him, in writing, that he was not entitled to same. As such, there was no basis for Plaintiff to receive, or sign a release. He was not offered, and received nothing of value for the release.

If Defendants agreed to pay the severance that was guaranteed, and presented Plaintiff a reasonable release, he would have signed it. But the fact remains he was never offered

9

severance, never presented a release and therefore was not required to sign one. Defendants' position that Plaintiff's claims are barred because of a lack of a release is completely misguided.

### IV. PLAINTIFF IS ENTITLED TO JUDGMENT ON THE PLEADINGS

Based upon the undisputed evidence presented herein, the Contract clearly provides a guaranteed severance payment of 9 month's wages to Plaintiff, equaling $75,000, in the event of the termination of his employment without cause. As such, Plaintiff is entitled to Judgment as a matter of law, requiring granting of Plaintiff's cross motion.

### CONCLUSION

For the foregoing reasons, Defendants' motion should be denied in its entirety and to the contrary Plaintiff should be granted judgment on the pleadings, and for such other and different relief as the Court deems just and proper.

Dated:     Melville, New York
              June 29, 2018

_____
JEFFREY S. ETTENGER

TO:    Hinshaw & Culbertson, LLP
*Attorneys for Defendants*
800 Third Avenue, 13th Floor
New York, New York 10022
(212) 471-6200

10