UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Alan Napoli,<br><br>                        Plaintiff,<br><br>-against-<br><br>Deluxe Corporation and Deluxe Small Business Sales, Inc.,<br><br>                        Defendants. | Docket No.: 17-cv-6957(SJF) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION**

HINSHAW & CULBERTSON LLP
*Attorneys for Defendants*
**800 Third Avenue, 13th Floor**
**New York, New York 10022**
**Telephone: (212) 471-6200**
**Facsimile: (212) 935-1166**

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT...................................................................................................................................2

    POINT I

        THE CLEAR AND UNAMBIGIOUS LANGUAGE OF THE AGREEMENT
        AND THE PLAN, WHEN READ TOGETHER, ESTABLISH THAT
        PLAINTIFF WAS NOT ENTITLED TO SEVERANCE BENEFITS....................2

    POINT II

        PLAINTIFF HAS FAILED TO PLEAD THE MOST
        BASIC ELEMENTS OF A BREACH OF CONTRACT CLAIM ..........................7

    POINT III

        PLAINTIFF'S CROSS-MOTION FOR JUDGMENT
        ON THE PLEADINGS SHOULD BE DENIED......................................................9

CONCLUSION................................................................................................................................10

302243102v1 1004654

# **TABLE OF AUTHORITIES**

Page(s)

**Cases:**

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*,
  404 F.3d 566 (2d Cir. 2005)............................................................................................................6

*Bay Harbour Associates, L.P. v. Luk-Shop L.L.C.*,
  56 Fed. Appx. 21 (2d Cir. 2003) ....................................................................................................8

*Burger King Corp. v. Horn & Hardart Co.*,
  893 F.2d 525 (2d Cir. 1990)............................................................................................................6

*Comfort Inn Oceanside v. Hertz Corp.*,
  No. 11-CV-1534, 2011 U.S. Dist. LEXIS 126294 (E.D.N.Y Nov. 1, 2011)............................12

*DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*,
  No 10-cv-1341, 2012 WL 748760 (E.D.N.Y. Mar. 7, 2012).....................................................11

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
  375 F.3d 168 (2d Cir. 2004)..........................................................................................................13

*Fed. Deposit Ins. Corp. v. Herald Square Fabrics Corp.*,
  81 A.D.2d 168 (2d Dep't 1981) .....................................................................................................6

*Fesco Inc. v. Shone*,
  205 F.3d 1322 (2d Cir. 2000)........................................................................................................13

*Global Intellicom, Inc. v. Thomson Kernaghan & Co.*,
  No. 99 CIV. 342, 1999 U.S. Dist. LEXIS 11378 (S.D.N.Y. July 26, 1999) ...........................12

*Greenwich Capital Fin. Prods., Inc. v. Negrin*,
  74 A.D.3d 413, 903 N.Y.S.2d 346 (App. Div. 1st Dep't 2010) .................................................6

*Karmilowicz v. Hartford Fin. Servs. Group*,
  2011 U.S. Dist. LEXIS 77481 (S.D.N.Y. July 14, 2011) ..........................................................12

*Kinek v. Paramount Communications, Inc.*,
  22 F.3d 503 (2d Cir. 1994).............................................................................................................8

*LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*,
  424 F.3d 195 (2d Cir. 2005)...........................................................................................................6

*Laureate Educ., Inc. v. Ins. Co. of the State of Pa.*,
  No. 11-CV-7175, 2014 U.S. Dist. LEXIS 45571 (S.D.N.Y. Mar. 31, 2014) ...........................8

302243102v1 1004654

*Madeleine, L.L.C. v. Casden*,
    950 F. Supp. 2d 685 (S.D.N.Y. 2013)..................................................................................7

*McDermott v. Great Am. Alliance Ins. Co.*,
    No. 02-CV-607, 2005 U.S. Dist. LEXIS 44914 (N.D.N.Y. Sept. 30, 2005) ........................8, 9

*Metropolitan Life Insurance Co. v. RJR Nabisco, Inc.*,
    906 F.2d 884 (2d Cir. 1990)..................................................................................................6

*Mildworm v. Ashcroft*,
    200 F. Supp. 2d 171 (E.D.N.Y. 2002) ..................................................................................9

*Nature's Plus Nordic A/S v. Natural Organics, Inc.*,
    980 F. Supp. 2d 400 (E.D.N.Y. 2013) ................................................................................12

*Pagaduan v. Carnival Corp.*,
    709 Fed. Appx. 713 (2d Cir 2017) ........................................................................................8

*Sirohi v. Trustees of Columbia Univ.*,
    162 F.3d 1148, 1998 WL 642463 (2d Cir. 1998) ...............................................................11

*Sony Fin. Serv. LLC v. Multi Video Group, Ltd.*,
    No. 03 Civ. 1730, 2003 WL 21396690 (S.D.N.Y. June 17, 2003).........................................11

*Svenska Financing Int'l BV v. Scolaro, Shulman, Cohen, Lauren & Burstein P.C.*,
    37 F. Supp. 2d 178 (N.D.N.Y. 1999)..................................................................................11

*This is Me, Inc. v. Taylor*,
    157 F.3d 139 (2d Cir. 1998).................................................................................................7

*U S West Financial Services, Inc. v. Marine Midland Realty Credit Corp.*,
    810 F. Supp. 1393 (S.D.N.Y. 1992)......................................................................................7

*Wachovia Bank v. Schmidt*,
    546 U.S. 303, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006)........................................................7

*World Trade Ctr. Properties, L.L.C. v. Hartford Fire Ins. Co.*,
    345 F.3d 154 (2d Cir. 2003).................................................................................................7

*Zaro Licensing, Inc. v. Cinmar, Inc.*,
    779 F. Supp. 276 (S.D.N.Y. 1991)......................................................................................11

**Other Authorities:**

Fed. R. Civ. P. 8(b)(6) ................................................................................................................10

FRCP 12(c) .............................................................................................................................5, 13

FRCP Section 12(b)(6) and 12(b)(7) ..........................................................................................10

302243102v1 1004654

**PRELIMINARY STATEMENT**

Defendants, Deluxe Corporation ("Deluxe Corp.") and Deluxe Small Business Sales, Inc. ("Deluxe SBS") (collectively, "Defendants"), by their attorneys, Hinshaw & Culbertson, LLP, respectfully submit this memorandum of law in further support of their motion for judgment on the pleadings, made pursuant to Federal Rules of Civil Procedure ("FRCP") 12(c), and in opposition to plaintiff's, Alan Napoli ("Napoli" or "Plaintiff"), cross-motion for judgment on the pleadings.[1]

\* \* \* \* \* \* \*

Prior to the filing of Defendants' motion, it was Plaintiff's position that the Agreement unambiguously guaranteed him at least nine (9) months of severance benefits. Finally recognizing that his claim has utterly no merit in light of the Plan, Plaintiff now argues that the terms of the Agreement are ambiguous. As a result of this purported ambiguity, Plaintiff argues that the terms of the Agreement should be construed against Defendants and judgment on the pleadings granted in his favor. In other words, Plaintiff is asking this Court to award him a windfall of at least $75,000 because the terms of the Agreement are suddenly ambiguous to him. This is not the law in New York. Moreover, when read together, the Plan and the Agreement are entirely consistent with one another and establish that Plaintiff was never entitled to severance benefits because he was employed by SMSUSA prior to the termination of his employment with Deluxe SBS. Accordingly, for these reasons, and those articulated more fully in Defendants'

---

[1] Defined terms herein have the same defined meaning as those employed in Defendants' Memorandum of Law, dated May 18, 2018. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Dismissal of the Complaint Pursuant to FRCP Section 12(c) and in Support of Plaintiff's Cross-Motion for Judgment on the Pleadings, dated June 29, 2018, shall be referred to herein as "Opp. Br."

1

original moving papers and below, judgment on the pleadings should be granted in Defendants' favor.

**ARGUMENT**

**POINT I**

**THE CLEAR AND UNAMBIGIOUS LANGUAGE OF THE AGREEMENT AND THE PLAN, WHEN READ TOGETHER, ESTABLISH THAT PLAINTIFF WAS NOT ENTITLED TO SEVERANCE BENEFITS**

Plaintiff asserts that Defendants drafted the Agreement and that because he allegedly interprets it differently than Defendants, it is ambiguous and must be construed against Defendants under New York law. Plaintiff misconstrues the law. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 598 (2d Cir. 2005) ("[T]he language of a contract is not made ambiguous simply because the parties urge different interpretations. Nor does ambiguity exist where one party's view strain[s] the contract language beyond its reasonable and ordinary meaning"); *see also Metropolitan Life Insurance Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir. 1990) ("The court should not find the language ambiguous on the basis of the interpretation urged by one party…"); *Fed. Deposit Ins. Corp. v. Herald Square Fabrics Corp.*, 81 A.D.2d 168, 180 (2d Dep't 1981). A contract is only ambiguous if "it is reasonably susceptible to more than one interpretation." *Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990).

To determine whether a contract is ambiguous, a Court must accord the language of the contract its plain meaning: "In interpreting a contract under New York law, words and phrases…should be given their plain meaning, and the contract should be construed so as to give full meaning and effect to all of its provisions." *LaSalle Bank Nat'l Ass'n v. Nomura Asset*

2

*Capital Corp.*, 424 F.3d 195, 206 (2d Cir. 2005) (internal quotations omitted). However, under New York law, "a contract should not be interpreted to produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties." *Greenwich Capital Fin. Prods., Inc. v. Negrin*, 74 A.D.3d 413, 903 N.Y.S.2d 346, 346 (App. Div. 1st Dep't 2010) (internal quotation marks omitted). *See also World Trade Ctr. Properties, L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 183-84 (2d Cir. 2003), abrogated on other grounds by *Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006) ("Applying New York law...'[t]he cardinal principle for the construction and interpretation of insurance contracts - as with all contracts - is that the intentions of the parties should control. Unless otherwise indicated, words should be given the meanings ordinarily ascribed to them and absurd results should be avoided'" (quoting *Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 135 (2d Cir. 1986)).

Additionally, multiple documents must be read together as a single contract when the "plain language of the agreements unambiguously requires them to be read together." *Madeleine, L.L.C. v. Casden*, 950 F. Supp. 2d 685, 696 (S.D.N.Y. 2013). *See This is Me, Inc. v. Taylor*, 157 F.3d 139, 143 (2d Cir. 1998) ("all writings which form part of a single transaction and are designed to effectuate the same purpose [must] be read together, even though they were executed on different dates and were not all between the same parties"); *see also U S West Financial Services, Inc. v. Marine Midland Realty Credit Corp.*, 810 F. Supp. 1393, 1396 (S.D.N.Y. 1992) (documents incorporated by reference into a contract must be read together with the contract). Applying these principles, it cannot be disputed that Defendants are entitled to judgment on the pleadings.

3

Plaintiff concedes that the Plan is incorporated into the Agreement by reference, but complains that "if Defendants desired a clear and unambiguous contract that reverts to the Severance Support Policy, the Contract could have stated same." Opp. Br. at 7.  In other words, Plaintiff is arguing that the language of the Agreement takes precedence over the Plan because the Agreement does not specifically state otherwise.  Not only is Plaintiff's argument contradicted by the language of the Agreement, but it withers in light of the "cardinal principle of contract construction that a document should be read to give effect to all its provisions and to render them consistent with each other." *Bay Harbour Associates, L.P. v. Luk-Shop L.L.C.*, 56 Fed. Appx. 21, 23 (2d Cir. 2003) (quoting *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995)).  *See Kinek v. Paramount Communications, Inc.*, 22 F.3d 503, 509 (2d Cir. 1994) ("All provisions of a contract [should] be read together as a harmonious whole, if possible").

There is no dispute that under the heading "Severance Support Plan," the Agreement provides that:

> In the event of the involuntary termination of your employment by the Company, other than termination by the Company "for cause" (defined below) and upon providing us with an unrescinded release, *you will be eligible to receive severance per Deluxe's current severance support plan policy*, but at least an amount equal to 9 months of base draw…

*See Pagaduan v. Carnival Corp.*, 709 Fed. Appx. 713, 716 (2d Cir 2017) (finding that reference to "Memorandum Circular No. 10" clearly and unambiguously described the documents whose terms would apply to plaintiff's employment); *see also 1993 AMC 2916*, 991 F.2d 42, 46 (2d Cir. 1993) (holding "Subject to the Facultative Reinsurance Agreement" sufficient to incorporate by reference); *see also Laureate Educ., Inc. v. Ins. Co. of the State of Pa.*, No. 11-CV-7175, 2014

4

U.S. Dist. LEXIS 45571, at *7 (S.D.N.Y. Mar. 31, 2014) (*McDermott v. Great Am. Alliance Ins. Co.*, No. 02-CV-607, 2005 U.S. Dist. LEXIS 44914, at *3 (N.D.N.Y. Sept. 30, 2005). By using the phrase "per Deluxe's current severance support plan policy," the Agreement plainly makes severance benefits contingent on the terms of the Plan.[2] In other words, Plaintiff must first be eligible for severance under the Plan before any agreed upon minimum would be applied. Under the Plan, he was not eligible.

The Plan states that an employee is ineligible for severance benefits if they: "…*are working in a business* or subsidiary *that is sold to another company* or a functional group that is outsourced *and are offered a position with the purchaser* or the outsourced service provider." Oliveri Decl., Exh. B(B)(emphasis added). Page three (3) of the Plan provides a graph, setting forth the severance benefits eligible employees are entitled to depending on their job level. *Id*. According to the last row of the graph, "Grade EX, XX, S, TV" and "Sales Grades SS-ST" employees are entitled to at least "9 months of base pay..." *Id*. Read together, the terms of the Agreement and the Plan are entirely consistent. By providing that Plaintiff was entitled to "at least an amount equal to 9 months of base draw," the Agreement identified him as a "Grade EX, XX, S, TV" and "Sales Grades SS-ST" employee entitled to at least nine months of severance benefits *if* none of the exceptions in the Plan applied.[3]

---

[2] Plaintiff argues that he requested the language in the Agreement guaranteeing him nine (9) months' severance. *See* Opp. Br. at 7. This allegation is not entitled to the assumption of truth as it is not alleged in the Complaint. *See* Complaint (Oliveri Decl., Exh. A). Moreover, Plaintiff admittedly signed the Agreement making severance benefits contingent on the terms of the Plan. Plaintiff is now bound by those terms. *See Mildworm v. Ashcroft*, 200 F. Supp. 2d 171, 176 (E.D.N.Y. 2002) ("a person who signs a contract is presumed to know its contents and to assent to them" (quoting *Berger v. Cantor Fitzgerald*, 967 F. Supp. 91, 93 (S.D.N.Y. 1997)).

[3] In a desperate attempt to meet any criteria under the Plan entitling him to benefits, Plaintiff also argues that the terms of his employment with SMSUSA were not as favorable as the terms of his employment with Deluxe SBS. *See* Opp. Br. at 4. Even if the documentary evidence did not refute that claim, it is irrelevant since Plaintiff was "working in a business…sold to another company…and offered a position with the purchaser…" *See* Agreement

5

The Agreement and the Plan, when read together, have only one clear and unambiguous meaning: Plaintiff was not entitled to severance benefits because he was working for a business that was sold to another company and was immediately employed by SMSUSA before the termination of his position with Deluxe SBS became effective. *See* Answer, Counterclaim at ¶¶ 1-10: Exh. C. Plaintiff attempts to avoid this result by arguing that Defendants have failed to establish the sale of a business or subsidiary to SMSUSA. Plaintiff's argument is clearly nothing more than a red herring. Indeed, although given multiple opportunities to do so, Plaintiff has *never* denied that LAM's assets were sold to Deluxe, and thereafter, to SMSUSA nor could he honestly do so.[4] *See* Docket Nos. 11 and 12; *see also* Opp Br. Moreover, on May 18, 2018, Defendants electronically filed and served their Answer to the Complaint, which included a counterclaim supported by the allegation that Deluxe SBS sold the assets belonging to LAM to Safeguard Acquisition, Inc., who subsequently sold the assets to Safeguard. *Id*. The exhibits to the Answer bear this out. Attached at Exhibit E to the Answer is an email from Plaintiff's wife, Lena Napoli, dated September 18, 2017, where, in addition to attempting to justify the conversion of funds belonging to Deluxe, she confirms the allegations asserted in Defendants' counterclaim:

> Like I said before. It should be a deluxe invoice, because *we didn't ask to be sold and it was Alan's negotiations with Deluxe for this exit from Deluxe to Safeguard.* As far as I'm concerned Kevin could pay it. It wasn't caused by us.

---

(Oliveri Decl., Exhs. B(A) and B(B)) (providing for an annual draw of $100,000); *see also* agreement entered into between Plaintiff and SMSUSA, dated April 1, 2017, at paragraph 3 (Oliveri Decl., Exh. B(C)) (providing for an annual draw of $100,000 and bonus payments).

[4] Significantly, Plaintiff's wife, Lena Napoli, plaintiff in a related action entitled, *Lena Napoli v. Deluxe Corporation, et. al.*, bearing Docket No. 17-cv-6956, has also never denied that LAM's assets were sold to Deluxe, and thereafter, to SMSUSA. *See* Docket Nos. 13 and 14; *see also* Memorandum of Law, dated May 18, 2018, filed in support of a motion to dismiss the Amended Complaint filed by Lena Napoli and Mrs. Napoli's Memorandum of Law in Opposition to Defendants' Motion Pursuant to FRCP Section 12(b)(6) and 12(b)(7), dated June 29, 2018.

(emphasis added).  Plaintiff failed to timely respond to the allegations made in Defendants' counterclaim, and consequently, they are now deemed admitted.  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation…is admitted if a responsive pleading is required and the allegation is not denied").  Accordingly, judgment on the pleadings should be granted in Defendants' favor.

### POINT II

### PLAINTIFF HAS FAILED TO PLEAD THE MOST BASIC ELEMENTS OF A BREACH OF CONTRACT CLAIM

As discussed in Defendants' original moving papers, to survive a motion to dismiss, a plaintiff asserting a breach of contract claim "must, at a minimum, allege the terms of the contract, each element of the alleged breach and the resultant damages in a plain and simple fashion."  *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276, 286 (S.D.N.Y. 1991) (citing 5 Charles Wright & Arthur Miller, Federal Practice and Procedure § 1235 (1990)); *Sony Fin. Serv. LLC v. Multi Video Group, Ltd.*, No. 03 Civ. 1730, 2003 WL 21396690, *2 (S.D.N.Y. June 17, 2003) (same).  Failure to plead the specific provisions allegedly breached by the defendants and due performance by the plaintiff is fatal to a breach of contract claim.  *See Zaro*, 779 F. Supp. at 286; *Svenska Financing Int'l BV v. Scolaro, Shulman, Cohen, Lauren & Burstein P.C.*, 37 F. Supp. 2d 178, 181 (N.D.N.Y. 1999) (New York courts "require a plaintiff who is alleging breach of contract…to set forth in the complaint those provisions of the contract upon which the claim is based").  *Zaro*, 779 F. Supp. at 286 (citing 2A J. Moore, Moore's Federal Practice PP 8-127 (1990)).

Contrary to Plaintiff's argument in opposition, his contract claim does not meet these basic pleading requirements.  Nowhere in the Complaint does Plaintiff identify the specific

7

provisions of the Plan he claims were breached. *See Sirohi v. Trustees of Columbia Univ.*, 162 F.3d 1148, 1998 WL 642463, at *2 (2d Cir. 1998) ("[Plaintiff] failed to successfully plead a breach of contract claim because he did not allege the essential terms of the parties' purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated"); *see also DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, No 10-cv-1341, 2012 WL 748760 (E.D.N.Y. Mar. 7, 2012) (same). Plaintiff's failure to plead this fundamental element of his breach of contract claim is not a mere oversight. Indeed, had Plaintiff pled the specific terms of the Plan and the real relationship between the parties his breach of contract claim would have been over before it started, as the argument above establishes. In a calculated effort to avoid that result, Plaintiff pled only the contract terms and facts that he thought benefited him.

Plaintiff also freely admits that he did not expressly plead his own performance. *See* Opp. Br. at 8; *see also Comfort Inn Oceanside v. Hertz Corp.*, No. 11-CV-1534, 2011 U.S. Dist. LEXIS 126294, at *8 (E.D.N.Y Nov. 1, 2011) ("the amended complaint does not expressly allege, even in conclusory fashion, that Comfort Inn performed its contractual obligations"). Plaintiff merely alleges that he was employed. Opp. Dr. at 8. However, he had a contractual obligation to solicit new customers and manage the existing customers of LAM. *See* Oliveri Decl., Exh. B(A). Without an allegation to that effect in the Complaint, Plaintiff has not pled the requisite element of performance. *See Nature's Plus Nordic A/S v. Natural Organics, Inc.*, 980 F. Supp. 2d 400 (E.D.N.Y. 2013) ("The language of this rule suggests that, in order to prevail on a breach of contract claim, a plaintiff must establish performance of each of its obligations under the contract…"); *see also Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, No. 99 CIV.

8

342, 1999 U.S. Dist. LEXIS 11378, at * 55-56 (S.D.N.Y. July 26, 1999) (dismissing breach of contract claim where plaintiff failed to allege its own performance). Accordingly, because Plaintiff has not - and never can - plead the elements of a breach of contract claim, the Complaint should be dismissed, without leave to amend.[5]

## POINT III

### PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE DENIED

Plaintiff's Cross-Motion for Judgment on the Pleadings should be denied, first, for all the reasons stated above, and the reasons stated in Defendants' original moving papers. In addition, to the extent the Court finds that the Agreement is ambiguous, Defendant's should be afforded an opportunity to conduct discovery. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177-78 (2d Cir. 2004) (If at the pleading stage, the meaning of a term is not discernible from the text of the contract then the court should deny the motion and allow the parties to take discovery and introduce extrinsic evidence); *see also Fesco Inc. v. Shone*, 205 F.3d 1322 (2d Cir. 2000) (requiring discovery of extrinsic evidence with respect to an ambiguity in the contract). Accordingly, Plaintiff's motion for judgment on the pleadings should be denied.

---

[5] Plaintiff also cites to select portions of the Agreement that specifically require execution of a release, but has not plead any facts in the Complaint that would obviate the requirement that he provide a release. *See Karmilowicz v. Hartford Fin. Servs. Group*, 2011 U.S. Dist. LEXIS 77481, at * 26 (S.D.N.Y. July 14, 2011) (dismissing plaintiff's contract claims because, in part, he failed to plead "…fact[s] that would obviate any of these condition precedents." Accordingly, as argued in Defendants original moving papers, the Complaint should also be dismissed for this reason.

9

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that an order be issued granting Deluxe's motion for judgment on the pleadings pursuant to FRCP 12(c), denying Plaintiff's motion for judgment on the pleadings and for any further relief as this Court deems just and proper.

Dated: New York, New York
July 27, 2018

**HINSHAW & CULBERTSON LLP**
*Attorneys for Defendants*

By: */s Jason J. Oliveri*

Jason J. Oliveri
800 Third Avenue, 13th Floor
New York, New York 10022
Tel: (212) 471-6200

10